# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TIWANA, | CASE NO. CV-F-06-0803 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR |
| vs. | FAILURE TO STATE A CLAIM |
| BOARD OF PRISON TERMS, et.al., | [Doc. 1] |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on June 23, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must

1

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff alleges that on April 3, 2006, he received a lock-up order and hearing which resulted in a disciplinary classification hearing on April 6, 2006. Plaintiff alleges that he is a deaf inmate and he was not provided an interpreter or hearing aid device at either hearing. As a result of the hearing, plaintiff was removed from his program, found guilty of a serious rules violation and assessed a time credit loss of 365 days. Plaintiff alleges that he was denied due process at his hearings because he was not provided an interpreter. Plaintiff seeks restoration of his time credits and placement back in general population. Plaintiff also seeks monetary damages.

A deprivation that affects the duration of a prisoner's sentence, such a the loss of good time credits may, in some circumstances, implicate due process concerns. Sandin, 115 S.Ct. at 2297 (citing with approval Wolff v. McDonnell, 418 U.S. 539, 557 (1974)(state-created interest in shortened prison sentence is an interest of "real substance")). Such a liberty interest is limited to circumstances in which time credits were revoked as a disciplinary action; however, such a claim is not cognizable under § 1983 unless the result of such disciplinary action has been previously overturned or otherwise invalidated. Edwards v. Balisok, 117 S.Ct. 1584, 1587 (1997). Moreover, the act of revoking time credits must be distinguished from the act of limiting a prisoner's ability to prospectively earn time credits. Prisoners have no liberty interest in earning work time credits or participating in work programs. Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986). The result of plaintiff's disciplinary hearing has not been overturned or otherwise invalidated. Therefore, plaintiff fails to state a claim upon which relief may be granted under section 1983.

Accordingly, based on the foregoing analysis, the court HEREBY RECOMMENDS that this action be dismissed, without leave to amend, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with

2

the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 27, 2007**         /s/ **Dennis L. Beck**
3b142a                             UNITED STATES MAGISTRATE JUDGE